NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHUKS ODIGWE, an individual, | No. 11-16539 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-00745-SRB |
| v. | |
| SPRINT SOLUTIONS INCORPORATED, a corporation, AKA Sprint/Nextel Communications, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Chuks Odigwe appeals pro se from the district court's judgment declining to

set aside an arbitration award in his action alleging state law claims for breach of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

contract and consumer fraud.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Poweragent v. Elec. Data Sys. Corp*., 358 F.3d 1187, 1193 (9th Cir. 2004), and we affirm.

The district court properly denied Odigwe's motion to set aside the arbitration award because Odigwe's arguments regarding the arbitrability and the merits of his claims failed to establish a valid ground to vacate an arbitral award under the Federal Arbitration Act.  *See* 9 U.S.C. § 10(a) (limiting vacatur of arbitral awards to circumstances involving fraud, corruption, bias, misconduct, or arbitral overreaching); *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 583 (2008) (Federal Arbitration Act provides exclusive grounds for vacating an arbitral award).

Odigwe's remaining contentions are unpersuasive.

**AFFIRMED.**